UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GHEORGHE DOBRA,                                                          Docket No.:

                                                                         **COMPLAINT**

                      Plaintiff,

            -against-
                                                                         Jury Trial Demanded

IMPERIAL HOUSE LLC,

                      Defendant.
-------------------------------------------------------------------X

      Plaintiff, GHEROGHE DOBRA (hereinafter "Plaintiff"), by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against IMPERIAL HOUSE LLC ("Defendant") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

    1.    This is a civil action for damages and equitable relief based upon Defendant's flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (iii) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

    2.    Plaintiff has worked for Defendant - - a Domestic Limited Liability Company which owns an apartment complex located at 61-61 Woodhaven Blvd., Rego Park, New York

1

11374 (the "Building") - - as a superintendent and/or laborer at the Building from on or about January 10212 to February 8, 2022. Throughout his employment, as described below, the Defendant required Plaintiff to regularly work at least 67 hours a week, and to be on call for every hour during the remainder of every week. However, Defendant failed to pay Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA requires. Furthermore, Defendant failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times, Plaintiff was a resident of the State of New York, resides in Queens County, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times, Defendant Imperial House was and is a Domestic Limited Liability Company corporation with its principal place of business located at 61-61 Woodhaven Blvd., Rego Park, New York 11374.

9. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and NYLL. Specifically, Defendant's qualifying annual business exceeded $500,000, and Defendant was engaged in interstate commerce within the meaning of the FLSA as he used goods, equipment, and other materials in the course of their business, much of which originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, Plaintiff was individually engaged in interstate commerce as he, on a daily basis, used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendant to the overtime wage requirements of the FLSA with respect to Plaintiff.

## BACKGROUND FACTS

10. Defendant is a domestic limited liability corporation that owned the Building during at least the relevant time period of this lawsuit.

11. From on or about **January 1, 2012 to February 8, 2022**, Plaintiff worked, *inter alia*, as a live-in superintendent and/or laborer at the Building, which consisted of 6-7 floors and 101 apartment units. Throughout his entire employment, his job consisted of performing general maintenance duties in the apartments, including ensuring the cleanliness of the common areas of the building; responding to tenant complaints and concerns; landscaping; repairing and painting walls, doors, and ceilings; installing and repairing cabinets, sinks, and other fixtures; and making electrical and plumbing repairs.

12. Throughout the entirety of his employment, Defendant required Plaintiff to work – and he did in fact work – Monday through Friday from 7:00 a.m. through 7:00 p.m., Saturdays 11:00 a.m. through 4:00 p.m., and Sundays for 2 to 4 hours, for a total of *at least* 67 hours.

13. Furthermore, throughout his employment, Defendant required Plaintiff to remain close to the building and be available, or on call, engaged to wait to work, at all other times of the week and the entire weekend, all for the Defendant's benefit.

14. In exchange for his services, throughout his entire employment, the Defendant paid Plaintiff a flat weekly salary of $795.00, which was intended and operates by law to compensate him only for his forty hours of work per week.

15. In addition to his flat weekly salary, through his entire employment, Defendant provided him with a rent-free apartment with an estimated rental value of $1,500.00 per month.

16. Plaintiff worked more than forty hours in most, if not all, workweeks in which Defendant employed him. For example, from November 7, 2022 through November 13, 2022, Plaintiff worked at least the schedule described above for which Defendant only paid him $795.00, which covered only the first forty hours that he worked that week.

17. Throughout his employment, Defendant did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay, for any hours that he worked in excess of forty per week.

18. Additionally, Defendant paid Plaintiff on a weekly basis, without providing him with any/correct wage statements that reflected the amount of hours that he worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek

19. Finally, Defendant intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name

4

and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

20. Defendant acted in the manner described herein so as to maximize its profits while minimizing its labor costs; every hour that Plaintiff worked was for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

21. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or the minimum hourly rate of pay, if greater, for any hours worked exceeding forty in a workweek.

23. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

24. As also described above, Plaintiff worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

25. The Defendant willfully violated the FLSA.

26. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his respective standard rate of pay.

27. Plaintiff is also entitled to liquidated damages and attorneys' fees for the Defendant's violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

30. As described above, the Defendant willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

31. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff for each workweek after the violation occurred, up to the statutory cap of $2,500.

32. ON or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

35. Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCCRR.

36. Defendant willfully failed to provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

37. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

38. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

39. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with him, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff for his participation in any form in this lawsuit;

d. All damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

e. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

f. Awarding Plaintiff his costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

g. Pre-judgment and post-judgment interest, as provided by law; and

    h.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: New York, New York
June 28, 2022

                Respectfully submitted,
                LAW OFFICES OF WILLIAM CAFARO

                /s/ Louis M. Leon
                Louis M. Leon (LL2057)
                *Attorneys for Plaintiff*
                108 West 39th Street, Suite 602
                New York, New York 10018
                (212) 583-7400
                LLeon@Cafaroesq.com

To:

**IMPERIAL HOUSE LLC**
61-61 Woodhaven Blvd.
Rego Park, New York 11374.